12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Wilbert PAYTON, Appellant,
v.
Joe SCHLUPP, Appellee.
 No. 93-2278.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 12, 1993.
Filed: December 7, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wilbert Payton, a Missouri inmate, appeals from a final order entered by the District Court[1] for the Western District of Missouri granting summary judgment in favor of prison guard Joseph Schlupp in this action brought under 42 U.S.C. Sec. 1983. For reversal, Payton argues that the district court erred in granting summary judgment and in failing to find that he had a Seventh Amendment right to a jury trial. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Payton alleged in a verified complaint that he suffered leg and back injuries when he fell from an ice truck while delivering barrels of ice to prison housing units. He and another inmate asked Schlupp how to secure safety straps around the barrels, and Schlupp answered, "Don't worry about it." Payton further alleged that Schlupp drove the truck at high speed, several barrels shifted and fell on Payton, he lost his footing and fell from the truck, and Schlupp refused to allow him to obtain medical treatment for his injuries. He claimed that Schlupp's actions violated his Eighth Amendment rights.
 
 
 3
 On motion for summary judgment, Schlupp argued that Payton could state, at most, a negligence claim. He provided his affidavit, Payton's deposition, and Payton's medical records in support. These documents show that Schlupp was not driving the truck, the inmate driver operated the truck at slow speed, and Payton denied any injury when Schlupp asked if he was hurt. Payton filed a short response to the motion, but he did not provide any additional evidence to support his complaint or to controvert Schlupp's evidence. On the recommendation of the magistrate judge, and over Payton's objections, the district court granted summary judgment in favor of Schlupp. The district court ruled that Payton had failed to come forward with proof that Schlupp acted with deliberate indifference to his safety and serious medical needs. This appeal followed.
 
 
 4
 We scrutinize prison work assignments under the Eighth Amendment as conditions of confinement. Choate v. Lockhart, No. 92-3369, slip op. at 4 (8th Cir. Oct. 26, 1993). To prevail on an Eighth Amendment claim, Payton must prove an objective element-whether the deprivation was sufficiently serious-and a subjective element-whether Schlupp acted with a sufficiently culpable state of mind. See id. (citing Wilson v. Seiter, 111 S. Ct. 2321, 2324 (1991)) (Wilson ). To survive the summary judgment motion, Payton had the burden to produce evidence beyond his verified complaint that Schlupp intentionally or recklessly required him to perform work that constituted a danger to his health and safety. Choate v. Lockhart, No. 92-3369, slip op. at 5; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Payton also had the burden to produce evidence that Schlupp acted with deliberate indifference to his serious medical needs following the accident. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Having carefully reviewed the record de novo, we conclude that Payton failed "as a matter of law to satisfy the subjective component of the Wilson test." See Choate v. Lockhart, No. 92-3369, slip op. at 5. At most, Payton stated a claim of negligence or inadvertence, which is insufficient to satisfy the subjective component. Id. (citing Wilson, 111 S. Ct. at 2328, and Estelle v. Gamble, 429 U.S. at 105).
 
 
 5
 The district court did not violate Payton's Seventh Amendment right to a jury trial by granting summary judgment. We deny Payton's pending motion for appointment of counsel and for a stay.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri